# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ESVIN ROCAEL GONZALEZ FLORES, <br><br> Plaintiff, <br><br> v. <br><br> LA BONANZA III LLC d/b/a TACOS AND TEQUILA MEXICAN GRILL, <br><br> Defendant. | Civil Action No. <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Esvin Rocael Gonzalez Flores ("Plaintiff"), and files this Complaint against Defendant La Bonanza III LLC d/b/a Tacos and Tequila Mexican Grill ("Defendant"), and shows the following:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages for Defendant's violation of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq* ("Title VII).

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 2000e-5(f).

3.

Defendant is a domestic limited liability company that is qualified to do business in this District. In addition, the acts and omissions that give rise to Plaintiff's claims occurred in this District. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391.

## PARTIES

4.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District. Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

6.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Diego Velasquez, 5845 Steeplechase Boulevard, Suite D, Cumming, Georgia 30040.

## ADMINISTRATIVE PROCEDURES

7.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC").

8.

Upon Plaintiff's request, the EEOC issued Plaintiff a Notice of Right to Sue on June 28, 2021, with respect to Plaintiff's EEOC Charge, entitling an action to be commenced within ninety (90) days of receipt of that notice.

9.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

## FACTUAL ALLEGATIONS

10.

Plaintiff began working for Defendant as a kitchen manager in 2016.

11.

In approximately mid-September 2020, Juana Ozuna, a cook, informed Plaintiff that she was being sexually harassed by another cook, Ruben Sanchez.

12.

Shortly thereafter, Plaintiff complained to Defendant's General Manager, Anderson Argueta, that Ms. Ozuna had complained to Plaintiff about being sexually harassed at work by Mr. Sanchez.

13.

Specifically, Plaintiff told Mr. Argueta that Ms. Ozuna had complained that she was frightened of Mr. Sanchez, that Mr. Sanchez had attempted to get her alone in a dark room with bad sexual intentions, and that Mr. Sanchez generally treated her in a disrespectful and inappropriate manner.

14.

Plaintiff complained to Mr. Argueta two more times in October 2020 that Ms. Ozuna was still complaining about being sexually harassed by Mr. Sanchez.

15.

On or around the beginning of November 2020, Plaintiff was terminated.

16.

Defendant's proffered reason for terminating Plaintiff's employment is pretext for unlawful retaliation.

## CLAIMS FOR RELIEF

## COUNT I: RETALIATION IN VIOLATION OF TITLE VII

17.

Plaintiff re-alleges paragraphs 10-16 as if set forth fully herein.

18.

Plaintiff's complaints and opposition to sexual harassment/gender discrimination constitute protected activity under Title VII.

19.

Defendant subjected Plaintiff to adverse employment action (to wit, terminating Plaintiff's employment) because Plaintiff engaged in protected conduct.

20.

The adverse action to which Plainitff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

21.

There was a causal connection between the protected conduct and the adverse action.

22.

As a direct and proximate result of these actions, Plaintiff has suffered damages, including lost wages and emotional distress.

23.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

24.

Defendant, therefore, is liable for the damages caused proximately resulting from its retaliation.

## VII.  **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Special damages for lost wages;

(c) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

Respectfully submitted this 7th day of July, 2021.

**BARRETT & FARAHANY**

 s/ *V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Plaintiff*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
severin@justiceatwork.com